IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      vs.<br><br>ERIK SAMUEL PARRA ARAMBULA,<br><br>           Defendant. | No. 13-CR-3890-MV-2 |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Erik Samuel Parra Arambula's ("Parra") Motion to Compel Specific Discovery [Doc. 64]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and therefore will be **denied**.

## BACKGROUND

On November 5, 2013, Task Force Officer ("TFO") "Travis Chavez obtained a New Mexico Order" which permitted him "to acquire cellular GPS tracking data regarding" the T-Mobile cellphone number belonging to Parra. Doc. 64 at 1-2. This request formed part of a "year-long investigation of co-defendant Greg Cotinola by the Drug Enforcement Administration (DEA)." Doc. 66 at 2. "Two days later, on November 7, 2013" the DEA "initiated surveillance" of Parra "based on the GPS Coordinates [sic]" obtained from his mobile phone. Doc. 64 at 2. Later that day, after observing the itinerant Defendant for several hours, the DEA "detained, arrested, and questioned" Parra. *Id.* During this encounter, "agents observed inside the car a large bag that contained approximately 600 grams" of a substance that tested positive for

1

methamphetamine.  Doc. 66 at 2.  Parra then consented to a search of his residence that yielded more methamphetamine and a bag that contained "$41,305.00 in U.S. currency."  *Id.*

Parra and his two co-defendants were later charged in a five-count Indictment; each of the three drug trafficking and conspiracy counts with which Defendant is charged arises out of his conduct on the day of his arrest.  *See* Doc. 13.  In the course of this litigation, the government has produced evidence to defense counsel, who responded "with an itemized list of 38 specific items of discovery" that it wanted in addition to the material that the government had already provided.  Doc. 64 at 2.  The government "subsequently produced additional discovery in this case," but the defense maintains that there is yet more material to which it is entitled.  *Id.*  These nine items form the basis of the instant dispute.  *Id.* at 3.  *See also* Doc. 66 at 7.  For the reasons discussed below, Defendant is entitled to none of the requested materials, such that his motion will be denied in its entirety.

## DISCUSSION

**I.   Applicable Law**

Federal Rule of Criminal Procedure 16 provides in pertinent part that "[u]pon defendant's request, the government must permit the defendant to inspect and to copy" documents "within the government's possession, custody, or control" if "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant."  Fed. R. Crim. P. 16(a)(1)(E).  However, a defendant is presumptively not entitled to "the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" or material covered by the Jencks Act.  Fed. R. Crim. P. 16(a)(2).  *See also* 18 U.S.C. § 3500.  The Supreme Court

has explained that, in the context of Rule 16, evidence "material to preparing the defense" refers specifically to arguments that respond "to the Government's case in chief" rather than simply any argument that might ultimately prevent a conviction. *United States v. Armstrong*, 517 U.S. 456, 462 (1996). *See also United States v. Lujan*, 530 F. Supp. 2d 1224, 1234 (D.N.M. 2008) ("The term 'defense' means an argument in response to the prosecution's case-in-chief, *i.e.*, an argument that refutes the government's claims that the defendant committed the crime charged."). Given this definition of materiality, nothing in Rule 16 or *Armstrong* conflicts with the government's obligation under *Brady* and its progeny. *See, e.g.*, *Smith v. Cain*, 132 S. Ct. 627, 630 (2012) ("Under *Brady,* the State violates a defendant's right to due process if it withholds evidence that is favorable to the defense and *material to the defendant's guilt* or punishment.") (emphasis added).

Where a defendant requests undisclosed evidence from the government, a "defendant must make a prima facie showing of materiality." *Lujan*, 530 F. Supp. 2d at 1234. However, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). While this burden is not a heavy one, "the defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense." *United States v. Jordan,* 316 F.3d 1215, 1250 (11th Cir. 2003) (internal quotation marks omitted).

## II.     The Defendant's Discovery Requests

In the interest of consistency, the Court will address the items enumerated by the Defendant in the same sets as presented in his Motion. *See generally* Doc. 64.

**Request 1: Initial Debriefing Report of CS in October 2013 by TFO Travis Chavez regarding Erik Parra and Greg Cotinola**

**Request 2: Copy of Handwritten and/or Audio Notes Regarding Debriefing of the CS in October 2013 by TFO Travis Chavez regarding Erik Parra and Greg Cotinola**

The Defendant has failed to show why he is entitled to either of these items. To begin, the "Debriefing Report" and the "Handwritten and/or Audio Notes" fall within the exceptions articulated in Rule 16(a)(2). These "handwritten notes regarding the CS debriefing" and any report produced therefrom [Doc. 64 at 4] plainly are encompassed within the ambit of "reports, memoranda, or other internal government documents made by a government attorney or agent in connection with investigating or prosecuting the case." *Lujan*, 530 F. Supp. 2d at 1265 (holding that while *Brady* and the Jencks Act might demand disclosure of rough interview notes in certain instances, Rule 16 did not). *See also United States v. Weaver*, 992 F. Supp. 2d 152, 160 (E.D.N.Y. 2014) ("The government correctly notes that it need not produce notes from interviews with government trial witnesses unless those notes 'contain material favorable to the defense,' are a 'substantially verbatim recital' of the witness' statement, or have been reviewed or adopted by the witness."). To the extent that these notes contain Jencks material, this motion is not ripe; such material need only be disclosed after a government witness has testified. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2.

Even if this material did not qualify for exclusion pursuant to Rule 16(a)(2), the Court would still deny the request because the Defendant has failed to show why it must be produced under Rule 16, *Brady,* or any other provision of law. The Debriefing Report and the notes do not belong to Parra and the government has indicated that it will not use either the report or the notes in its case-in-chief [Doc. 66 at 8], so any argument under Rule 16 must be grounded on the premise that these items are "material to preparing the defense." *See* Fed. R. Crim. P.

4

16(a)(1)(E)(i). However, the Defendant's sole argument in this vein is that "the information provided by the CS relates to Erik Parra and provides the basis for the subsequent State of New Mexico Court Order to obtain GPS location data." Doc. 64 at 4. This contention patently misapprehends the applicable law. As elucidated above, "preparing the defense" in this context deals exclusively with rebuttal of the government's case-in-chief, not the preparation of affirmative defenses, much less challenging the sufficiency of the evidence that supported a warrant. *See Armstrong*, 517 U.S. at 462. *See also United States v. Rashed*, 234 F.3d 1280, 1285 (D.C. Cir. 2000) (refusing to reverse a district court's denial of discovery claim "[b]ecause Rashed's defense here relates not to refutation of the government's case in chief but to establishment of an independent constitutional bar to the prosecution").

Similarly, although Parra raises concerns with the manner in which TFO Chavez conducted the investigation [Doc. 64 at 5 n.1], he has not proffered any "allegations of deliberate falsehood or of reckless disregard for the truth" nor any supporting evidence that would counsel this Court to hold a hearing pursuant to *Frank v. Delaware. United States v. Williams,* 576 F.3d 1149, 1160 (10th Cir. 2009). *See also Frank v. Delaware*, 438 U.S. 154, 155-56 (1978) ("the Fourth Amendment requires that a hearing be held at the defendant's request" only "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit"). Indeed, it is telling that that Parra has not cited *any* authority specifically to support his contention that items 1 & 2 must be disclosed. *See* Doc. 64 at 4-5.

> **Request 3: DEA Form-6 by S/A Patricia Whelan Regarding Acquisition of Exhibit 45 and N-146 from 1112 Kentucky Street, SE in Albuquerque on 10-29-13**
>
> **Request 4: Copy of Audio Recording Exhibit N-128**
>
> **Request 5: DEA Form-7a Regarding Exhibit N-128**

**Request 6: DEA Form-7a Regarding Exhibit N-146**

**Request 7: Copy of Audio Recording Exhibit N-146**

Parra states that items 3-7 are "reports and audio recordings" that comprise the "monitored and recorded conversations between the Confidential Source and the unidentified person at the stash house" and that "review of the audio recordings is necessary in order to determine whether or not the description of the conversation by TFO Chavez is accurate and complete, and to determine whether or not exculpatory evidence exists." *Id.* at 5.  That is, as discussed with respect to the items in the previous set, Defendant urges that he is entitled to documents not because they are pertinent to the rebuttal of the government's case in chief, but rather because he suspects that the documents may prove useful in his effort to undermine the warrant that was issued for his location information.  *Id.*  Hence, the same reasoning obtains with respect to these documents; because Parra cannot show that the government intends to use any of the documents in its case-in-chief, that any of the documents belongs to the defendant, nor that any of the documents is material to rebutting the government's proof of guilt, each of these requests must be denied.  *See, e.g.*, *Armstrong*, 517 U.S. at 462.  Moreover, Parra again cites no authority to persuade this Court that his argument with respect to these items should prevail.

**Request 8: Copy of Law Enforcement Reports Regarding "The drug trafficking organization…"**

Defendant asserts that he is entitled to disclosure of the "Law Enforcement Reports" because they might aid the Defendant in evaluating whether the description of the drug organization given in the warrant application "is accurate and complete, or simply a misrepresentation in the Application in order to enhance the necessity of the Application rather than contribute to probable cause."  Doc. 64 at 6.  This logic is of a piece with the reasoning

6

rejected in the previous sections; the Court will not trade in this unfounded reading of the law. Moreover, yet again, Defendant offers no precedent to persuade the Court of the merits of his position.

### Request 9: All GPS Coordinate Data Regarding the Cellular Telephone From 11-05-13 through 11-07-13.

The government has "recently disclosed this information." Doc. 66 at 9. Therefore, this request is moot.

## CONCLUSION

It is apparent that the Defendant is not entitled to any of the eight items of discovery still at issue. Indeed, rather than engage rigorously with the relevant jurisprudence in this area, Parra instead articulates a series of requests without reference to apposite authority and then proceeds to launch into an abstract and disconnected exegesis on criminal discovery. *See* Doc. 64 at 6-9. Ultimately, however, this excursion is "full of sound and fury, signifying nothing." *Macbeth*, (5.5.2383-85). First, Parra discusses the government's obligations under *Brady* and its progeny but, despite ample innuendo and intimation, does not state with any precision what *Brady* evidence it believes has been improperly withheld. *See United States v. Erickson*, 561 F.3d 1150, 1163 (10th Cir. 2009) ("A *Brady* claim fails if the existence of favorable evidence is merely suspected. That the evidence exists must be established by the defendant."); *Lujan*, 530 F. Supp. 2d at 1234 (explaining that where defendant requests undisclosed material from the government, it is the defendant's initial burden to demonstrate materiality). Second, Defendant again seeks to peddle his plainly erroneous interpretation of Rule 16 without even one citation; the Court has already explained at length why a hypothetical "challenge upon the sufficiency of the tracking warrant" or "[c]hallenging the searches, seizure and warrant in this case" do not

constitute part of the "defense" contemplated by Rule 16 and will not repeat itself here. *See* Doc. 64 at 8. Finally, Parra invokes the specter of *Franks*, yet offers no indication as to what statements supporting the warrant were "intentionally or recklessly false." *Id.* at 9 (citing *United States v. Hernandez*, 829 F.2d 988, 992 (10th Cir. 1987)). *See also Franks*, 438 U.S. at 155 (a hearing is required only after "the defendant makes a substantial preliminary showing" or intentional falsehood or reckless disregard for the truth in an affidavit). Having categorically denied the Defendant's eight enumerated discovery requests, the Court declines Parra's invitation to discern some legal basis for his request in the morass of disjointed legal theory he presents.

      **IT IS THEREFORE ORDERED** that the Defendant's Motion be denied.

Dated this 29th day of December, 2014.

                                                                         **MARTHA VÁZQUEZ**
                                                           UNITED STATES DISTRICT JUDGE